UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RYAN DACRUZ,<br>           Defendant. | Criminal Case No.    1:24CR31WES-PAS<br><br>In violation of<br><br>18 U.S.C. § 1343 (Wire Fraud)<br>18 U.S.C. § 1349 (Bank Fraud Conspiracy)<br>18 U.S.C. § 1028A(a)(1) (Aggravated Identity Theft) |

## INDICTMENT

The Grand Jury charges that:

### Introduction and General Allegations

At all times relevant to this Indictment:

1. Defendant RYAN DACRUZ resided within the State of Rhode Island.

2. Citizens Bank, Bank of America, Bank Newport, Santander Bank, and JP Morgan Chase Bank (collectively, the "banks") were financial institutions doing business in the District of Rhode Island and in interstate and foreign commerce. The deposits of the banks were federally insured by the Federal Deposit Insurance Corporation.

3. The Small Business Administration ("SBA") was an agency of the United States government that provides support to small businesses and entrepreneurs.

4. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act is a federal law enacted to provide emergency financial assistance to the millions of

1

Americans who were suffering the economic effects caused by the COVID-19 pandemic.

5. One source of relief provided by the CARES Act was the authorization of forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP").

6. The PPP program is overseen by the SBA. Individual loans are issued by private approved lenders who receive and process PPP applications and supporting documentation, and then make loans.

7. The PPP allows qualifying small-businesses and other organizations to receive forgivable loans. PPP loan proceeds must be used by businesses on payroll costs, interest on mortgages, rent, and utilities. Businesses applying for a PPP loan must provide documentation to confirm that they have in the past paid employees the compensation listed on the application.

8. Harvest Small Business Finance LLC ("Harvest") was a non-bank commercial lender approved by the SBA to receive and process PPP applications and supporting documentation, and then make loans to PPP applicants.

### COUNTS 1 and 2
(Wire Fraud – 18 U.S.C. § 1343)

9. The allegations contained in paragraphs 1 through 8 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

## Scheme to Defraud

10. Beginning by at least April 18, 2021, and continuing through at least May 26, 2021, in the District of Rhode Island and elsewhere, the defendant,

**RYAN DACRUZ,**

knowingly devised and intended to devise a scheme and artifice to defraud, and to obtain money and property from CARES Act funding, via the PPP program, by means of false and fraudulent pretenses, representations and promises.

## Objects of the Scheme To Defraud

11. The object of the scheme to defraud was for DACRUZ to unlawfully enrich himself by fraudulently obtaining CARES Act funds in the form of PPP loans.

## Manner and Means of the Fraud Scheme

The manner and means by which the fraud scheme was accomplished included, but was not limited to, the following:

12. On April 18, 2021, DACRUZ caused a PPP loan application ("PPP Loan 1") signed by "RYAN DACRUZ" on behalf of himself for a PPP loan through Harvest and the SBA to be submitted electronically.

13. On April 23, 2021, DACRUZ caused a second PPP loan application ("PPP Loan 2") signed by "RYAN DACRUZ" on behalf of himself for a PPP loan through Harvest and the SBA to be submitted electronically.

14. For both PPP loan applications, DACRUZ applied as a "self-employed" individual under the business name "RYAN DACRUZ" identifying as a "Fitness and Recreational Sports Centers" business.

15. In support of both PPP loan applications, DACRUZ submitted false IRS Forms Schedule C which claimed 2020 tax year gross income of $96,556. The Schedule C forms further claimed such business expenses $3,700 for supplies, $248 for insurance, $580 for advertising, $1,870 for utilities, $258 for office expenses, $1,900 for travel expenses, and $1,209 for legal and professional services, $1,200 for educational courses, $1,829 for cellphone service, and $367 for cleaning and sanitizing supplies.

16. PPP Loan 1 application stated, among other things that "If questions (1), (2), (5), or (6) are answered 'YES,' the loan will not be approved."

17. On the application for PPP Loan 1, DACRUZ falsely and fraudulently answered "No" to Question (5), which asked: "Is the Applicant (if an individual) or any owner of the Applicant … for any felony, currently subject to an Indictment, criminal information, arraignment, or other means by which criminal charges are brought in any jurisdiction?"

18. In truth and in fact, at the time DACRUZ submitted the PPP Loan 1 application, DACRUZ was subject to a criminal information in Rhode Island Superior Court, case number P2-2020-1025BG with the felony offenses of "Carry Pistol or

Revolver Without License or Permit" in violation of R.I.G.L. 11-47-8(a) and "Conspiracy- Felony Greater than 5 to 10 Years" in violation of R.I.G.L. 11-1-6.

19. On or about April 28, 2021, $20,115 in PPP Loan 1 proceeds were deposited in DACRUZ's Chase bank account ending XX-1671. DACRUZ then rapidly depleted the funds through cash withdrawals, peer-to-peer payments and other transactions.

20. The PPP Loan 2 application stated, among other things that "If questions (1), (2), (4), or (5) are answered 'YES,' the loan will not be approved."

21. On the application for PPP Loan 2, DACRUZ falsely and fraudulently answered "No" to Question (4), which asked: "Is the Applicant (if an individual) or any owner of the Applicant … for any felony, currently subject to an Indictment, criminal information, arraignment, or other means by which criminal charges are brought in any jurisdiction?"

22. In truth and in fact, at the time DACRUZ submitted PPP Loan 2 application, DACRUZ was subject to a criminal information in Rhode Island Superior Court, case number P2-2020-1025BG with the felony offenses of "Carry Pistol or Revolver Without License or Permit" in violation of R.I.G.L. 11-47-8(a) and "Conspiracy- Felony Greater than 5 to 10 Years" in violation of R.I.G.L. 11-1-6.

23. On or about May 19, 2021, $20,115 in PPP Loan 2 proceeds were deposited in DACRUZ's Chase bank account ending XX-1671. DACRUZ then rapidly

depleted the funds through cash withdrawals, peer-to-peer payments and other transactions.

### Execution of the Scheme to Defraud

24. On or about the dates set forth below, in the District of Rhode Island and elsewhere, for the purpose of executing the aforementioned scheme and artifice to defraud, and attempting to do so, the defendant,

**RYAN DACRUZ**

did knowingly transmit and cause to be transmitted in interstate commerce by wire communication signals and sounds, the materials set forth below.

| Count | Date | Material Wired | Amount |
|---|---|---|---|
| 1 | April 18, 2021 | PPP Loan 1 Application Rhode Island to Harvest in California | $20,115 |
| 2 | April 23, 2021 | PPP Loan 2 Application from Rhode Island to Harvest in California | $20,115 |

All in violation of Title 18, United States Code, Section 1343.

## COUNT 3
### (Bank Fraud Conspiracy – 18 U.S.C. § 1349)

<u>The Conspiracy</u>

25. From an unknown date but at least from November 8, 2021, and continuing through on or about April 27, 2023, in the District of Rhode Island and elsewhere, defendant

**RYAN DACRUZ**

together with others known and unknown to the Grand Jury, knowingly, willfully, and unlawfully combined, conspired and agreed together and with each other to commit bank fraud, by knowingly executing and attempting to execute a scheme and artifice to defraud TD Bank, Bank of America, Bank Newport, Santander Bank, and Citizens Bank, to obtain moneys, funds, assets, and other property owned by, and under the custody and control of the banks and other banks, by means of false and fraudulent pretenses, representations, and promises, contrary to 18 U.S.C. § 1344.

**Object of the Conspiracy**

26. The object of the conspiracy was for DACRUZ and co-conspirators known and unknown to the Grand Jury to unlawfully obtain money, funds and other property under the custody and control of banks to unlawfully enrich himself and others.

## Manner and Means of the Conspiracy

The manner and means of the conspiracy include, among others, the following:

27. It was part of the conspiracy that DACRUZ and co-conspirators fraudulently obtained checks issued by individuals and businesses, including checks stolen or diverted from the United States mails after issuance (collectively, "the stolen checks" or "fraudulent checks").

28. It was part of the conspiracy that co-conspirators altered the payees listed on the stolen checks. In addition, in some instances the amounts of the check were altered. DACRUZ and other co-conspirators made the checks payable to themselves and deposited the checks into bank accounts, including accounts held by DACRUZ at TD Bank, Bank Newport, Citizens Bank, Santander Bank and Bank of America. DACRUZ and other co-conspirators then attempted to rapidly deplete the funds.

29. It was further part of the conspiracy that on or about April 27, 2023, DACRUZ caused the deposit into his Bank of America checking account at an ATM machine in Manchester, New Hampshire of a fraudulent check in the amount of $5,300 payable to himself, using the personal identity information of C.L., including C.L.'s name, signature, address, and bank account number.

30. It was further part of the conspiracy that DACRUZ attempted to rapidly deplete the funds from the fraudulent C.L. check through point-of-sale purchases in

Rhode Island and peer-to-peer money transfers.

All in violation of 18 U.S.C. § 1349.

**COUNT 4**
**(Aggravated Identity Theft – 18 U.S.C. § 1028A)**

31. The allegations contained in paragraphs 1 through 30 of this Indictment are realleged in this Count and reincorporated by reference as if fully set forth herein.

32. On or about April 27, 2023, , in the District of Rhode Island and elsewhere, defendant

**RYAN DACRUZ**

did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, to wit: the name, signature, address and bank account number of C.L., during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit, bank fraud conspiracy, in violation of 18 U.S.C. § 1349, knowing that the means of identification belonged to another actual person.

All in violation of 18 U.S.C. §§ 1028A(a)(1).

ZACHARY A. CUNHA
United States Attorney

*[signature]*

John P. McAdams
Assistant U.S. Attorney

*[signature]*

Paul F. Daly
Assistant U.S. Attorney

*[signature]*

Lee H. Vilker
Assistant U.S. Attorney
Criminal Division Chief

A TRUE BILL:

*[redacted signature]*

Grand Jury Foreperson

Date: 04/17/2024